UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-05-47-B-W |
| | ) | |
| JOSEPH SCOTT REEVES | ) | |

**PRESENTENCE ORDER**

Joseph Scott Reeves objects to the Probation Office's determination that he is a "career offender" under U.S.S.G. § 4B1.1(a). Because his two June 13, 2001 convictions for obstructing or impeding a federal corrections officer, a violation of 18 U.S.C. § 111(a), constituted a felony conviction of a crime of violence, this Court concludes Mr. Reeves is a career offender within the meaning of the guideline.

**I. STATEMENT OF FACTS**

On June 15, 2005, Defendant Joseph Scott Reeves pleaded guilty to possession of firearms in violation of 18 U.S.C. § 922(g)(1), Hobbs Act robbery in violation of 18 U.S.C. § 1951(a), and use of a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c). The Probation Office (Probation) prepared a Revised Presentence Investigation Report (PSR) in which it characterized Mr. Reeves as a career offender within the meaning of U.S.S.G. § 4B1.1(a). *See* PSR at ¶ 26. Under § 4B1.1(a), to be classified as a career offender, a defendant must, among other things, have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a).[1] Probation counted two convictions as predicate felonies:

---

[1] Other requirements under U.S.S.G. § 4B1.1(a) include: 1) that the Defendant be at least eighteen years old at the time that he committed the instant offense of conviction; and, 2) that the instant offense of conviction be a felony that is either a crime of violence or a controlled substance offense. These two elements are not

1) a November 9, 1999 conviction for unlawful possession of a sawed-off shotgun;[2] and, 2) a two-count June 13, 2001 conviction for obstructing or impeding a corrections officer.[3] Regarding the latter conviction, the PSR reveals that on June 13, 2001, Mr. Reeves was convicted in the United States District Court in Albany, New York of two counts of Obstructing or Impeding a Corrections Officer on October 21, 2000. *PSR* at ¶ 37. He was sentenced to eight months' incarceration. *Id.*

Mr. Reeves's designation as a career offender subjects him to a substantially higher Guidelines sentencing range than would otherwise apply,[4] and he contends that the

---

in dispute. *See Mem. in Supp. of Def.'s Obj. to USPO Revised PSR* at 1; *Gov. Sentencing Mem.* at 1 (Docket # 19).

[2] Mr. Reeves concedes his November 9, 1999 conviction for unlawful possession of a short-barreled shotgun constitutes a felony crime of violence for purposes of U.S.S.G. § 4B1.1. *Mem. in Supp. of Def.'s Obj. to USPO Revised PSR* at 1; *see also* U.S.S.G. § 4B1.2 app. note 1 ("Unlawfully possessing a firearm described in 26 U.S.C. § 5845(a) (*e.g.*, a sawed-off shotgun or sawed-off rifle . . .) is a 'crime of violence.'"); *United States v. Bishop*, No. 05-1759, 2006 U.S. App. LEXIS 16096 (1st Cir. June 27, 2006); *United States v. Fortes*, 141 F.3d 1, 8 (1st Cir. 1998)("possession of a sawed-off shotgun is a 'violent felony' within the meaning of ACCA.").

[3] Whether the two counts should be considered one or two crimes does not matter for this analysis. Even if each conviction were a felony conviction of a crime of violence under the career offender guideline, they would count as one predicate offense under U.S.S.G. § 4B1.1(a). This is so because § 4B1.1(a) incorporates the relatedness restriction in U.S.S.G. § 4A1.2(a)(2) and application note 3. *See* U.S.S.G. § 4B1.2(c) & app. note 3; *United States v. Riddle*, 47 F.3d 460, 461-62 (1st Cir. 1995). Mr. Reeves's two convictions for obstructing or impeding a federal corrections officer occurred on the same occasion during a single incident, *PSR* at ¶ 37; thus, they are considered "related" under U.S.S.G. § 4A1.2(a)(2) and count as one predicate offense under U.S.S.G. § 4B1.1(a). For clarity, this Court will refer to the two June 13, 2001 convictions as one conviction.

[4] If categorized as a career offender, Mr. Reeves has an adjusted offense level of thirty-two (*PSR* at ¶ 26). At a criminal history category of VI (*PSR* at ¶ 44), Mr. Reeves' guideline range is from 360 months to life. If Mr. Reeves were not classified a career offender, his advisory sentencing range, based on an adjusted offense level of twenty-five (*PSR* at ¶ 25) and a criminal history category of VI, would be 110-137 months.

To explain the Probation Office's calculations, under U.S.S.G. § 4B1.1(b), the Guidelines apply the offense level provided by the career offender subsection or the otherwise applicable offense level, whichever is greater. The table in that subsection provides that if the statutory maximum for the offense is at least twenty years, but less than twenty-five years, the offense level is thirty-two. The statutory maximum for a Hobbs Act robbery (the offense used by Probation to calculate Mr. Reeves's sentencing range) is twenty years. 18 U.S.C. § 1951(a). Therefore, Probation assigned Mr. Reeves an offense level of thirty-two under the career offender table, because it is greater than the otherwise applicable offense level of twenty-five. *PSR* at ¶¶ 25-26. Under U.S.S.G. § 4B1.1(b), "[a] career offender's criminal history category in every case under this subsection shall be Category VI." With a total offense level of thirty-two and a criminal history category of VI, the Guidelines range is 210-262 months in prison. In Mr. Reeves's case, however, one of the counts of conviction was a violation of 18 U.S.C. § 924(c). The § 924(c) conviction brings into play subsection (c) of the career offender guideline which, coupled with Probation's

2001 conviction should not count as a predicate offense on the asserted ground that it was a misdemeanor, not a felony. *Mem. in Supp. of Def.'s Obj. to USPO Revised PSR* at 2.

## II. DISCUSSION

In *Shepard v. United States*, 544 U.S. 13 (2005), the Supreme Court addressed whether a prior conviction for burglary under Massachusetts state law constituted a predicate felony under the Armed Career Criminal Act (ACCA). Noting that the Commonwealth's statutory definition of burglary included both predicate and non-predicate felonies,[5] *Shepard* described how a sentencing court is to determine whether a prior crime constitutes a predicate felony. *Shepard* reiterated its earlier conclusion in *Taylor v. United States*, 495 U.S. 575 (1990) that Congress had adopted a "categorical approach", which it defined as referring "to predicate offenses in terms not of prior conduct but of prior 'convictions' and the 'element[s] of crimes." *Id.* at 19 (citing *Taylor,* 495 U.S. at 600-1). The "categorical approach" avoids "subsequent evidentiary enquiries into the factual basis for the earlier conviction." *Id.* at 20.

The "categorical approach" does not, however, leave the sentencing court helpless when addressing statutes like the one in *Shepard* and the one here, which contain both predicate and non-predicate crimes. Stating that the sentencing court may review "conclusive records made or used in adjudicating guilt….", *id.* at 21, *Shepard* listed those documents as including "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Id.* at 16; *see also Taylor*, 495 U.S. at 602 (court may

---

recommendation against an acceptance of responsibility reduction, results in an advisory sentencing range of 360 months to life. U.S.S.G. § 4B1.1(c)(3); *PSR* at ¶¶ 13, 63.

[5] The ACCA makes burglary a violent felony only if committed in a building or enclosed space ("generic burglary"), not in a boat or motor vehicle. *Shepard,* 544 U.S. at 15.

look to the indictment or information and the jury instructions of a prior conviction to determine if it can be used for enhancement purposes under the ACCA). Finally, *Shepard* held that, in making this determination, sentencing courts are not permitted to review police reports or complaint applications of a prior plea. *Id.* at 16.

Consistent with *Shepard*, this Court turns first to the statutory definition. Mr. Reeves's conviction for obstructing or impeding a federal corrections officer arose under 18 U.S.C. § 111(a). Convictions under § 111(a) can be either felonies or misdemeanors:

> **(a) In general.**—Whoever—
>
> > **(1)** forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties . . .
>
> shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and in all other cases, be fined under this title or imprisoned not more than three years, or both.

18 U.S.C. § 111(a) (2002).[6] The statute does not define "simple assault", but the term has been construed as embracing the common law meaning of the term, namely a crime "committed by either a willful attempt to inflict injury upon the person of another, or by a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm." *United States v. Chestaro*, 197 F.3d 600, 605 (2d Cir. 1999)(citations omitted). Interpreting § 111(a), *Chestaro* distinguished among three types of assault: 1) simple assault, which does not involve touching; 2) "all other cases", which involve contact, but not bodily

---

[6] The offense conduct took place in October 2000. *PSR* at ¶ 37. In November 2002, the penalty provision of 18 U.S.C. § 111(a) was amended, *see* 21st Century Department of Justice Appropriations Authorization Act, Pub. L. No. 107-273, § 11008(b)(1), 116 Stat. 1758 (2002); the maximum penalty for a felony conviction under the statute is now eight years instead of three. *Id.*

injury or the use of a weapon; and, 3) assaults resulting in bodily injury or involving a weapon. *Id.* at 606.[7] As in *Shepard*, to be convicted under this statute does not, standing alone, clarify whether the defendant has committed a predicate offense and therefore, this Court must review other "conclusive records" to make this determination.

During a November 16, 2005 presentence conference, the Government submitted the following six exhibits, which it contends prove that Mr. Reeves's two § 111(a) convictions were felonies: (1) the indictment; (2) the plea agreement; (3) a transcript of the Rule 11 proceeding; (4) the PSR; (5) a transcript of the sentencing proceeding; and, (6) the judgment. *Court Exhibit List from Presentence Conference* (Docket # 15). Under *Shepard*, this Court may consider the indictment, the plea agreement, and the Rule 11 transcript.[8]

---

[7] Whether these precise categories hold true in the First Circuit is less than clear. In *United States v. Bayes,* 210 F.3d 64 (1st Cir. 2000), the First Circuit was faced with what "simple assault" meant for purposes of 18 U.S.C. § 113(a)(5). *Bayes* addressed an intentional touching, which was offensive, but not physically injurious. Reviewing precedent dealing with common law assault, the First Circuit concluded that in a prosecution for simple assault under § 113(a)(5):
> [I]t is sufficient to show that the defendant deliberately touched another in a patently offensive manner without justification or excuse. *Cf. United States v. Frizzi,* 491 F.2d 1231, 1232 (1st Cir. 1974)(concluding that spitting would support a conviction for assaulting or otherwise impeding a federal officer in violation of 18 U.S.C. § 111 because 'although minor, it is…a bodily contact intentionally highly offensive').

*Id.* at 69. This does not alter the point that a conviction under § 111(a), regardless of the exact definition of simple assault, does not necessarily constitute a conviction of a predicate offense under § 4B1.1(a).

[8] These documents, expressly approved in *Shepard*, compel the conclusion that Mr. Reeves's June 13, 2001 conviction was for a predicate felony. This Court does not need to determine whether Government Exhibits 4, 5, and 6, the PSR, a transcript of the sentencing proceeding, and the judgment, are "conclusive records" under *Shepard*. It would appear, nevertheless, that a judgment is at least as conclusive a record, if not more so, as an indictment, and the transcript of a sentencing proceeding could be at least as conclusive a record as a transcript of a Rule 11 colloquy. The PSR could also be a conclusive record under *Shepard* to the extent it represents a factual finding to which the defendant assented. In excess of caution, this Court has reviewed the contents of the PSR, the transcript of the sentencing proceeding, and the judgment to make certain they do not contain any information that would contradict this Court's conclusion. This Court finds those documents wholly support its conclusion that Mr. Reeve's violation of § 111(a) was a felony conviction.

The indictment in this case is generic and fails to clarify whether Mr. Reeves was being charged with a misdemeanor or felony.[9] The charging document does not determine the issue. The plea agreement, however, makes clear that Mr. Reeves's § 111(a) convictions were felonies:

> 2. **Potential Penalties.**  JOSEPH SCOTT REEVES understands that his guilty plea to 18 U.S.C. § 111(a)(1), two counts, may subject him to the following potential penalties:
>
>    a. Maximum term of imprisonment: *6 years*. (18 U.S.C. § 111)
>
>       …
>
>    c. Maximum fine: *$500,000.00*. (18 U.S.C. § 3571).
>
>    d. Special Assessment: The Defendant *will be required to pay an assessment of $200.00*, which is due and payable at or before the time of sentencing. (18 U.S.C. § 3013)

*Gov.'s Exh. 2* at 1-2 (emphasis supplied).[10,11] The maximum penalties in the plea agreement are consistent with two convictions for Class E felonies. *See* 18 U.S.C. §§ 111(a)(1), 3559(a)(5), 3571(b)(3), 3013(a)(2)(A). If the convictions were misdemeanors, the maximum term of imprisonment would have been two years, *id.* §§ 111(a)(1) & 3559(a)(6), the maximum fine $200,000.00, *id.* § 3571(b)(5), and the maximum special assessment $50.00. *Id.* § 3013(a)(1)(A)(iii).

---

[9] Counts I and II are identical, except for naming two different victims:
> On or about October 21, 2000, at the Ray Brook Federal Correctional Institution, in the Northern District of New York, the defendant, JOSEPH SCOTT REEVES did knowingly and forcibly assault, resist, oppose, impede, intimidate, and interfere with [victim], a Federal Correctional Officer, while he was engaged in his official duties, in violation of Title 18, United States Code, Section 111.
*Gov.'s Exh.* 1.
> Under Fed. R. Crim. P. 7(a), as it existed in 1999, an offense punishable by death or by imprisonment exceeding one year had to be prosecuted by indictment, unless waived. However, Rule 7(a) allowed a misdemeanor to be prosecuted by indictment. *See* Rule 58(b)(1).

[10] The plea agreement also provides that the maximum term of supervised release is two years. *Gov.'s Exh. 2* at 2. This is consistent with either a misdemeanor or a Class E felony. 18 U.S.C. § 3583(b)(3).

[11] At the March 13, 2001 Rule 11 hearing, Mr. Reeves admitted to signing the plea agreement freely and voluntarily. *Gov.'s Exh. 3* at 18.

Moreover, the Rule 11 transcript confirms that Mr. Reeves was advised of and consented to potential statutory penalties consistent only with convictions for felonies:

> THE COURT:  [Assistant United States Attorney Edward] Grogan, would you advise the defendant what the applicable statutory penalties are and how the sentencing guidelines might affect him?
>
> MR. GROGAN:  Yes, sir.  The statutory maximum in this case, the defendant faces a maximum sentence of *three years confinement*, a fine of up to *$250,000*, a one-year term of supervised release and a mandatory *$100 special assessment for each count of the Indictment*. . . .[12]
>
> THE COURT:  Is that your understanding, Mr. Evangelista?
>
> MR. EVANGELISTA:  Yes, it is, your Honor.
>
> . . .
>
> THE COURT:  And Mr. Reeves, you just heard what Mr. Grogan said about the applicable statutory penalties . . . .  Did you discuss that with your attorney?
>
> THE DEFENDANT:  Yes, sir.
>
> THE COURT:  Do you understand it?
>
> THE DEFENDANT:  Yes, sir.

*Gov.'s Exh. 3* at 15-17 (emphasis supplied).

On the basis of the charging document, the plea agreement, and Rule 11 colloquy, this Court concludes that Mr. Reeves's conviction for obstructing or impeding a federal corrections officer was a felony conviction of a crime of violence.  This Court, therefore, concludes that Mr. Reeves is a "career offender" within the meaning of U.S.S.G. § 4B1.1(a) and hereby OVERRULES his objection.

SO ORDERED.

---

[12] The penalties in the plea agreement exactly double the penalties in Assistant United States Attorney Grogan's description, which can be explained by the difference between the maximum penalties on two counts or one.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 5th day of July, 2006