UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JOSEPH SCOTT REEVES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:05-cr-00047-JAW |
| | ) | 1:16-cv-00047-JAW |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

## **RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

In this action, Petitioner Joseph Scott Reeves moves, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. (Amended Motion, ECF No. 55.) In 2006, following a guilty plea, Petitioner was convicted of possession of firearms as a felon, Hobbs Act robbery, and use of firearms during the commission of a federal crime of violence; he was sentenced to a total prison term of 262 months. (Judgment, ECF No. 29 at 1-2.) Petitioner did not appeal from the conviction or the sentence.

Petitioner asserts a claim pursuant to *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015). (Amended Motion at 1.) Following a review of Petitioner's motion, the Government's request for dismissal, and the record, I recommend the Court grant the Government's request to dismiss Petitioner's section 2255 motion.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner was convicted of possession of firearms as a felon, 18 U.S.C. § 922(g)(1) (Count 1); Hobbs Act robbery, 18 U.S.C. § 1951(a) (Count 2); and use of firearms during

the commission of a federal crime of violence, 18 U.S.C. § 924(c) (Count 3). (Judgment at 1.)

The Court concluded Petitioner was a career offender under the sentencing guidelines, USSG § 4B1.1(a). (Presentence Order, ECF No. 26 at 1-2 n.2, and at 7; Sentencing Tr., ECF No. 52 at 8.) The Court sentenced Petitioner to prison terms of 120 months on Count 1; 178 months on Count 2, to run concurrently; and 84 months on Count 3, to run consecutively to Count 2, for a total prison sentence of 262 months. (Judgment at 2.) The prison terms were to be followed by supervised release terms of three years on Counts 1 and 2, and five years on Count 3, with all supervised release terms to run concurrently. (Judgment at 3.)

Petitioner states he placed his *pro se* motion in the prison mailing system on January 25, 2016. (Motion, ECF No. 43 at 7.) Petitioner included in the *pro se* motion a claim under *Johnson*. (Memorandum in Support, ECF No. 43-1 at 1.) Counsel was appointed to represent Petitioner with respect to the *Johnson* claim. (Order, ECF No. 46.) Petitioner, represented by counsel, filed an amended motion. (Amended Motion at 1.) In the amended motion, Petitioner withdrew all claims except the *Johnson* claim. (*Id.* at 3.)

## II. DISCUSSION

In *Johnson*, the statute at issue was the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA), which imposes a 15-year mandatory minimum prison term when a defendant is convicted of a violation of 18 U.S.C. § 922(g) and has three previous convictions, committed on separate occasions, "for a violent felony or a serious drug

offense, or both." 135 S. Ct. at 2555-57. Section 924(e)(2)(B) defines the term "violent felony" and provides:

> [T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, . . . that—
>
> **(i)** has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> **(ii)** is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Section 924(e)(2)(B)(i) is known as the "force" clause or the "elements" clause; the provision of section 924(e)(2)(B)(ii) that references burglary, arson, extortion, and the use of explosives is known as the "enumerated offenses" clause; the remainder of section 924(e)(2)(B)(ii), *i.e.*, the provision "or otherwise involves conduct that presents a serious potential risk of physical injury to another," is known as the "residual" clause. *United States v. Starks*, 861 F.3d 306, 314 (1st Cir. 2017); *United States v. Edwards*, 857 F.3d 420, 422-23 & n.2 (1st Cir. 2017).

In *Johnson*, the Court held the residual clause unconstitutionally vague. 135 S. Ct. at 2555-57. The Court left intact the force clause and the enumerated offenses clause of section 924(e)(2)(B): "Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." 135 S. Ct. at 2563.[1]

---

[1] In *Welch v. United States*, --- U.S. ---, 136 S. Ct. 1257, 1268 (2016), the Supreme Court held that "*Johnson* announced a substantive rule that has retroactive effect in cases on collateral review."

In *Beckles v. United States*, --- U.S. ---, 137 S.Ct. 886 (2017), the Supreme Court held that *Johnson* does not apply to the "identically-worded" residual-clause portion of the definition of "crime of violence" in the advisory sentencing guidelines, *i.e.*, the guidelines as applied after *United States v. Booker*, 543 U.S. 220, 233 (2005) (concluding the guidelines must be considered advisory rather than mandatory).[2] 137 S. Ct. at 890, 894-95. Petitioner's *Johnson* claim based on his challenge to the residual clause of the sentencing guidelines thus fails.

The remaining issue is whether a Hobbs Act robbery qualifies as a "crime of violence" under 18 U.S.C. § 924(c) and thus was properly considered as a crime of violence under USSG §§ 4B1.1(a)(2), 4B1.2(a). USSG § 4B1.1(a) provides in relevant part:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

When Petitioner was sentenced in 2006, USSG § 4B1.2(a) defined "crime of violence" as follows:

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
>
> (1)    has as an element the use, attempted use, or threatened use of physical force against the person of another, or

---

[2] In his reply memorandum, Petitioner acknowledged that following the Supreme Court's decision in *Beckles*, he had no viable claim regarding the career offender finding, *i.e.*, the finding concerning the two prior felony convictions that qualified as career offender predicates pursuant to USSG §§ 4B1.1(a)(3), 4B1.2(a). (Reply, ECF No. 70 at 3; Presentence Order, ECF No. 26 at 1-3, 7; Sentencing Tr., ECF No. 52 at 8.)

4

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

USSG § 4B1.2(a).[3]

Section 924(c) imposes mandatory minimum firearms-related sentence enhancements when a defendant's federal offense of conviction is a "crime of violence" or a "drug trafficking crime." Section 924(c)(3) defines "crime of violence" and provides:

For purposes of this subsection, the term "crime of violence" means an offense that is a felony and –

**(A)** has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

**(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The appellant in *United States v. García-Ortiz*, No. 16-1405, --- F.3d ---, 2018 WL 4403947, 2018 U.S. App. Lexis 26267 (1st Cir. Sept. 17, 2018) argued, based on *Johnson* and *Sessions v. Dimaya*, --- U.S. ---, 138 S. Ct. 1204 (2018),[4] that the residual clause language in 18 U.S.C. § 924(c) was unconstitutionally vague. *García-Ortiz*, 2018 WL 4403947, at *1-2, 2018 U.S. App. Lexis 26267, at *1-4. The First Circuit concluded "any possible infirmity of section 924(c)'s residual clause" did not exculpate

---

[3] The residual clause has since been deleted from USSG § 4B1.2. USSG Supp. to App. C, amend. 798 (Aug. 1, 2016). The amendment, however, does not apply retroactively. USSG § 1B1.10; *United States v. Strevig*, 663 F. App'x 908, 912 (11th Cir. 2016) (per curiam) ("The Sentencing Commission . . . has not made Amendment 798 retroactive to individuals sentenced prior to the effective date of the amendment.").

[4] In *Sessions v. Dimaya*, --- U.S. ---, 138 S. Ct. 1204 (2018), the Supreme Court held that 18 U.S.C. § 16, which contains a residual clause similar to the 18 U.S.C. § 924(e) residual clause at issue in *Johnson*, "suffers from the same constitutional defect." 138 S. Ct. at 1210-11.

García, because his Hobbs Act robbery was a crime of violence under section the force clause of 924(c). 2018 WL 4403947, at *2, 2018 U.S. App. Lexis 26267, at *6. The Court wrote:

> Having rejected García's arguments, we therefore hold that because the offense of Hobbs Act robbery has as an element the use or threatened use of physical force capable of causing injury to a person or property, a conviction for Hobbs Act robbery categorically constitutes a "crime of violence" under section 924(c)'s force clause.

*García-Ortiz*, 2018 WL 4403947, at *5, 2018 U.S. App. Lexis 26267, at *13. Similarly, here, based on *García-Ortiz*, Petitioner's Hobbs Act robbery is considered a crime of violence under section 924(c)(3)(A). *See id.* Petitioner's contention that a Hobbs Act robbery does not qualify as a crime of violence, therefore, fails.[5]

### III. CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. I recommend the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

### **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district

---

[5] Because Petitioner's claim fails on the merits, there is no need to address the Government's procedural arguments.

court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

      Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

                         /s/ John C. Nivison
                         U.S. Magistrate Judge

Dated this 16th day of October, 2018.