UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| JOSEPH SCOTT REEVES, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | 1:05-cr-00047-JAW |
| | ) | 1:16-cv-00047-JAW |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**ORDER AFFIRMING RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

The Court concludes that the defendant committed a crime of violence under either the force or residual clauses of 18 U.S.C. § 924(c).

## I. BACKGROUND

On June 15, 2005, Joseph Scott Reeves pleaded guilty to a three-count information: (1) Count One, being a felon in possession of a firearm (18 U.S.C. § 922(g)(1)); (2) Count Two, engaging in a Hobbs Act Robbery (18 U.S.C. § 1951(a)); and (3) Count Three, use of a firearm during a federal crime of violence (18 U.S.C. § 924(c)). *Information* (ECF No. 3); *Minute Entry* (ECF No. 7). On July 17, 2006, Mr. Reeves was sentenced 120 months on Count One and 178 months on Count Two to run concurrently, and eighty-four months on Count Three to run consecutively to Count Two, for a total prison term of 262 months. *J.* at 2 (ECF No. 29). The Court required Mr. Reeves to pay restitution in the total amount of $1,633.00, a special assessment of $300.00 and a fine of $1,000.00. *Id.* at 5. Upon release from prison, the Court ordered supervised release for terms of three years on Counts 1 and 2, and

five years on Count 3, with all supervised release terms to run concurrently. *Id.* at 3. Mr. Reeves did not appeal his conviction or his sentence.

On January 29, 2016, Mr. Reeves filed a § 2255 motion to vacate his sentence or to resentence in him in light of the United States Supreme Court case *Johnson v. United States*, 35 S. Ct. 2551 (2015) (*Johnson II*). *Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (ECF No. 43). On February 11, 2016, the Court appointed counsel to represent Mr. Reeves on his § 2255 motion. *Order Appointing Counsel* (ECF No. 46). On June 21, 2016, Mr. Reeves filed an amended § 2255 motion. *Def.'s Am. Mot. to Correct Sentence Under 28 U.S.C. § 2255* (ECF No. 55) (*Pet'r's Am. Mot.*). On July 5, 2016, the Government filed a Motion to Stay, *Mot. to Stay* (ECF No. 56), which was granted the next day. *Order on Mot. to Stay* (ECF No. 57). On April 25, 2018, the stay was lifted, and the Government was ordered to respond to Mr. Reeves' amended motion. *Order* (ECF No. 63).

On July 6, 2018, the Government filed its response to Mr. Reeves' amended § 2255 motion, *Gov.'s Resp. in Opp'n to Mot. to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255* (ECF No. 69) (*Gov.'s Opp'n*), and on July 24, 2018, Mr. Reeves filed his reply. *Def.'s Reply to Gov.'s Resp. Opposing 28 U.S.C. § 2255 Pet.* (ECF No. 70) (*Pet'r's Reply*). In his reply, Mr. Reeves conceded that the United States Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), rendered not viable his argument against the Court's conclusion that his two prior felony convictions qualified as predicate convictions under the career offender provision of the of the United States Sentencing Guidelines, U.S.S.G. § 4B1.1(a)(3). *Pet'r's Reply*

at 3.

Mr. Reeves had another argument against the sentence under *Johnson II*. He contended that *Johnson* "calls into question Reeves' 924(c) conviction which can only apply if the firearm was possessed during a crime of violence." *Pet'r's Am. Mot.* at 1-2. In Mr. Reeves' view, "Hobbs Act Robbery is not a categorical crime of violence." *Id.* at 5.

## II.  THE RECOMMENDED DECISION

Before the Magistrate Judge was whether a Hobbs Act robbery qualifies as a "crime of violence" under 18 U.S.C. § 924(c), and thus whether it could appropriately be considered a crime of violence under U.S.S.G. §§ 4B1.1(a)(2), 4B1.2(a). *Recommended Decision on 28 U.S.C. § 2255 Mot.*, at 4 (ECF No. 71) (*Recommended Decision*). The Magistrate Judge noted that under U.S.S.G. § 4B1.1(a), one is a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

The Magistrate Judge discussed the definitions of "crime of violence" under U.S.S.G.

§ 4B1.2(a)[1] and under § 924(c).[2] *Id.* at 4-5.

The Magistrate Judge analyzed *United States v. García-Ortiz,* 904 F.3d 102, 106 (1st Cir. 2018), where the First Circuit Court of Appeals concluded that "any possible infirmity of section 924(c)'s residual clause provides García with no exculpation because his Hobbs Act robbery still qualifies as a crime of violence under the force clause of section 924(c)." *Recommended Decision* at 5-6. In light of this decision, the Magistrate Judge concluded that Mr. Reeves' "Hobbs Act robbery is considered a crime of violence under section 924(c)(3)(A)." *Id.* at 6. Accordingly, the Magistrate Judge recommended that the Court deny Mr. Reeves' § 2255 motion, that no evidentiary hearing was warranted under Rule 8 of the Rules Governing Section 2255 cases, and that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 cases. *Id.*

### III. OBJECTIONS TO THE RECOMMENDED DECISION

---

[1] U.S.S.G. § 4B1.2(a) defines crime of violence as:

> Any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that – (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

As the Magistrate Judge correctly noted, the residual clause of U.S.S.G. § 4B1.2 has since been deleted from the U.S.S.G., but that amendment has not been made retroactive. *Recommended Decision* at 5 & n.3.

[2] Crime of violence is defined under § 924(c)(3) as:

> An offense that is a felony and – (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.*; *see also United States v. Taylor*, 848 F.3d 476, 491 (1st Cir. 2017) (noting § 924(c)(3)(A) is referred to as the "force" clause; and § 924(c)(3)(B) contains a "residual" clause that is "similar, but not identical" to the residual clause in § 924(e)(2)(B)).

4

Acting pro se, Mr. Reeves filed an objection to the Magistrate Judge's Recommended Decision on October 29, 2018. *Pet'r's Obj. to the Magistrate Judge's Recommended Decision on 28 U.S.C. [§] 2255 Mot.* (ECF No. 72) (*Pet'r's Obj.*). Mr. Reeves argues that an evidentiary hearing and a certificate of appealability are both warranted because the status of the § 924(c)'s force clause "remains an open question" and "reasonable jurists" may come to different conclusions on whether it is constitutional. *Id.* at 1-2. He claims his § 2255 motion should not be denied because there are two relevant cases pending before the United States Supreme Court: *United States v. Davis*, 903 F.3d 483 (5th Cir. 2018), *cert. granted*, 2019 WL 98544 (U.S. Jan. 4, 2019) (No. 18-431) and *United States v. Salas*, 889 F.3d 681 (10th Cir. 2018), *petition for cert. filed*, (U.S. Oct. 3, 2018) (No. 18-428). *Id.* Mr. Reeves says, at minimum, the Court should hold in abeyance any decision on his motion pending the resolution of these two cases. *Id.* at 2.

Mr. Reeves claims that there is a circuit split as to the constitutionality of § 924(c)'s force clause. *Id.* at 2. He avers that "for the most part, the grounds for [these] decisions apply equally to Section 16(b)[,] and mirror the distinctions between the ACCA's residual clause and Section 16(b) that were rejected by [*Sessions v.*] *Dimaya*, [138 S. Ct. 1204 (2018);] therefore, the reasons why Section 16(b) is unconstitutionally vague apply equally to [§] 924(c)'s force clause." *Id.* at 3.

## IV. DISCUSSION

### A. The Request for an Evidentiary Hearing and for a Certificate of Appealability: An Overview

Whether an evidentiary hearing is warranted is a matter for the Court to

determine within its discretion, after reviewing "the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7."[3] *See* RULE 8(a), RULES GOVERNING SECTION 2255 PROCEEDINGS; *Wall v. Martinez*, No. 2:10-CV-00449-GZS, 2011 WL 883753, at *1 (D. Me. Mar. 11, 2011), *aff'd*, No. 2:10-CV-449-GZS, 2011 WL 1374812 (D. Me. Apr. 12, 2011) ("Rule 8(a) addresses this Court's discretion to determine whether an evidentiary hearing is warranted"). "Evidentiary hearings on § 2255 motions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted." *Moreno–Morales v. United States*, 334 F.3d 140, 145 (1st Cir. 2003) (citation omitted). Mr. Reeves has raised purely legal questions, such as whether § 924(c)'s force clause is constitutional and whether reasonable jurists could reach different conclusions about its validity. But he has not met his "heavy burden" in explaining why an evidentiary hearing would be needed to resolve his § 2255 motion. Accordingly, the Court agrees with the Magistrate Judge, and concludes that an evidentiary hearing is not warranted.

A certificate of appealability should issue under Rule 11 of the Rules Governing Section 2255 cases, when there have been "a substantial showing of the denial of a constitutional right." *See* RULE 11, RULES GOVERNING SECTION 2255 PROCEEDINGS (citing 28 U.S.C. § 2253(c)(2)); *Rivera-Rivera v. United States*, 827 F.3d 184, 187 n.4 (1st Cir. 2016). The Court therefore turns to the merits of Mr. Reeves' objection to the

---

[3] Rule 7 allows a judge to direct the parties to supplement the record. RULE 7, RULES GOVERNING SECTION 2255 PROCEEDINGS. There has been no request to supplement the record in this case and the Court has not ordered a Rule 7 supplement.

Recommended Decision in light of his previous arguments to the Court for why § 924(c) is unconstitutional.

**B. Section 924(c)**

**1. Section 924(c)(3)(A): The Force Clause**

In *García-Ortiz*, the appellant asked the First Circuit to vacate his felony murder conviction under § 924(j), arguing a Hobbs Act robbery does not qualify as a "crime of violence" under § 924(c). 904 F.3d at 104. Mr. García-Ortiz argued that the reasoning of *Johnson II* and *Dimaya*, rendered § 924(c)'s residual clause unconstitutionally vague. *Id.* at 106. The First Circuit concluded that "any possible infirmity of section 924(c)'s residual clause provides García with no exculpation because his Hobbs Act robbery still qualifies as a crime of violence under the force clause of section 924(c)." *Id.* The Magistrate Judge cited and adopted the *García-Ortiz* Court's reasoning to conclude that Mr. Reeves' "Hobbs Act robbery is [likewise] considered a crime of violence under section 924(c)(3)(A)." *Recommended Decision* at 6.

In his objection, Mr. Reeves argues that the Magistrate Judge's Recommended Decision was incorrect because § 924(c)'s force clause is unconstitutionally vague in light of *Dimaya*. *Pet'r's Obj.* at 2-3. Mr. Reeves offers conclusory statements to support this argument but does not explain why the Magistrate Judge's reliance on *García-Ortiz* is unpersuasive or improper. Mr. Reeves also claims that there is a circuit split over the constitutionality of § 924's force clause and, in support, cites a string of cases from different circuits. *Id.* at 3. Finally, Mr. Reeves cites two cases that, at the time of the filing of his objection, were before the Supreme Court on

7

petitions for writs of certiorari: *United States v. Davis* and *United States v. Salas*. However, both *Davis* and *Salas* concern the constitutionality of § 924(c)(3)(B), not § 924(c)(3)(A). *Davis*, 2018 WL 4896751 (No. 18-431), *pet. for cert.* at I; *Salas*, *pet. for cert.* at 1 (No. 18-428).

Moreover, contrary to Mr. Reeves' contention, the cases he cites in his objection do not show a circuit split as to the constitutionality of § 924(c)'s force clause. In fact, only two of these cases – *United States v. Hill*, a Second Circuit case, and *United States v. Garcia*, a Fifth Circuit case – addressed § 924(c)(3)(A). *Compare Hill*, 832 F.3d 135 (2d Cir. 2018), *am. and superseded*, 890 F.3d 51, 53 (2d Cir. 2018) ("We reject this argument and hold that Hobbs Act robbery is a crime of violence under 18 U.S.C. § 924(c)(3)(A)"); *Garcia*, 857 F.3d 708, 711 (5th Cir. 2017) (assuming, without concluding, that Hobbs Act robbery does not satisfy § 924(c)'s force clause, "Hobbs Act robbery could still constitute a felony that 'involves a substantial risk that physical force may be used' under § 924(c)(3)(B)") *with Ovalles v. United States,* 905 F.3d 1231, 1234 (11th Cir. 2018) (holding that § 924(c)(3)(B) requires a conduct-based approach); *United States v. Eshetu,* 863 F.3d 946, 949 (D.C. Cir. 2017), *opinion vacated in part on reh'g,* 898 F.3d 36, 38 n.2 (D.C. Cir. 2018) ("we express no view—because the government advances no argument—about whether conspiracy in violation of 18 U.S.C. § 1951 is a crime of violence under the 'elements clause' in section 924(c)(3)(A)"); *United States v. Prickett*, 839 F.3d 697, 700 (8th Cir. 2016) ("We therefore conclude that *Johnson* does not render § 924(c)(3)(B) unconstitutionally vague"); *United States v. Taylor*, 814 F.3d 340, 375-76 (6th Cir. 2016) (rejecting

8

appellant's argument that *Johnson II* renders § 924(c)(3)(B) unconstitutionally vague).

As the Magistrate Judge noted, the First Circuit stated in *García-Ortiz*: "because the offense of Hobbs Act robbery has as an element the use or threatened use of physical force capable of causing injury to a person or property, a conviction for Hobbs Act robbery categorically constitutes a 'crime of violence' under section 924(c)'s force clause." 904 F.3d at 109; *see also Watson v. United States*, No. 2:16-CR-00075-JDL-1, 2018 WL 5668060, at *2-3 (D. Me. Oct. 30, 2018), *report and recommendation adopted*, No. 2:16-CR-00075-JDL-1, 2019 WL 112768 (D. Me. Jan. 4, 2019). In his reply, Mr. Reeves conceded, "[i]f Hobbs Act robbery satisfies [§] 924(c)'s force clause, the petition fails." *Pet'r's Reply* at 1. The Court agrees with the Recommended Decision's reasoning and finds unpersuasive Mr. Reeves' objections.

### 2. Section 924(c)(3)(B): The Residual Clause

On October 12, 2018, just a few days before the Magistrate Judge's October 16, 2018 Recommended Decision, the First Circuit decided *United States v. Douglas*, 907 F.3d 1 (1st Cir. 2018). In *Douglas*, the First Circuit concluded that § 924(c)(3)(B) was not void for vagueness. *Id.* at 4 ("After de novo review, we conclude that § 924(c)(3)(B) is not, as Douglas argues, void for vagueness"); *see also Brown v. United States*, 906 F.3d 159, 162 (1st Cir. 2018). The *Douglas* Court concluded that "the statute allows for a case-specific approach, considering real-world conduct, rather than a categorical approach . . . ." *Douglas*, 907 F.3d at 4. It then reviewed "the background facts of the underlying offense . . . because they are relevant to a case-specific, real-world analysis

9

of 'crime of violence' under § 924(c)(3)(B)." *Id*. The First Circuit reviewed the facts in the Hobbs Act robbery in that case:

> Three of the conspirators, including Douglas, used substantial violence in the course of the robbery. As discussed, during the robbery one or more of the conspirators: dragged a victim by the head through a hallway; brandished firearms; forced several victims around the house and outside with guns pressed against their heads, threatened to kill a victim multiple times; and beat all three victims with a crowbar, bloodying at least one.

*Id*. at 17. Applying a "case-specific approach," the First Circuit concluded that Mr. Douglas' Hobbs Act robbery "qualifies as a 'crime of violence' because 'by its nature, it involved a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id*. (citing § 924(c)(3)(B) (alterations in original)). Applying the same "case-specific" approach the First Circuit sanctioned in *Douglas*, the Court turns to the description of the Hobbs Act robbery that Mr. Reeves admitted at the time of his guilty plea:

> The victim employee of the Exxon gas station in Milford, Maine, then age 16 and a high school junior, has explained that while closing and cashing up for night beginning just before 9:00 p.m. on Friday, September 27, 2002, he noticed something moving outside near the soda machine. The employee was standing inside and behind the counter when two white, male subjects entered the business. One had a pump shotgun and the other had a long (perhaps a foot or more long) semi-automatic hand gun which was silver/stainless steel with a black handle. Both were described as wearing blue bandanas covering their nose and mouth areas and hats similar to winter hats. One was described as being approximately 6'2"-6'3" and the other as being a little shorter. The taller one had a shotgun and the shorter one had the hand gun. The employee explained that they waved the guns around and told him to give them his money. When he opened the cash drawer, they saw only change. They ordered him to get on the floor in the back room which is directly behind the counter and the employee did as he was told. The employee explained that both subjects pointed their weapons at him and the taller one stated, "This is not a joke." While he was on the floor, the

10

> employee heard the two males shuffling through items behind the counter. The employee noticed the taller of the two entered the doorway and asked, "What have you got?" The employee stood up and told them that there was $220 in the money bag and started towards the counter area where he noticed that the shorter of the two males already had the money bag in his hands. The employee was then ordered back onto the floor.

*Prosecution Version and Factual Basis* at 6-7 (ECF No. 6). Based on the description of the Hobbs Act robbery in Mr. Reeve's prosecution version, the Court readily concludes that Mr. Reeves' Hobbs Act robbery "qualifies as a 'crime of violence' because 'by its nature, it involved a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Douglas*, 907 F.3d at 17 (quoting § 924(c)(3)(B) (alterations in original)).

Moreover, in his reply, Mr. Reeves argues that the Court is required to use the so-called "categorical approach" to determine whether "an offense qualifies as a predicate 'crime of violence.'" *Pet'r's Reply* at 6. But in *Brown*, 906 F.3d 159, the First Circuit distinguished between the proper analysis of prior convictions and of convictions contemporaneous with a § 924(c) charge. *Id.* at 162. The *Brown* Court explained that "the Supreme Court has never applied the categorical approach in a context like § 924(c)'s residual clause." *Id.* The First Circuit noted:

> That approach was devised to address practical and Sixth Amendment concerns related to judicial evaluation at sentencing of <u>prior</u> convictions especially remote prior convictions. But § 924(c) charges are always <u>contemporaneous</u> with the underlying "crime of violence" charges. When predicate charges are contemporaneous, a conduct-specific evaluation by the jury or through the plea hearing is both practical and consistent with the right to a jury trial.

*Id.* (emphasis in original). Thus, under recent First Circuit authority, Mr. Reeves is

11

simply incorrect in insisting that the Court employ a categorical approach to its § 924(c)(3)(B) analysis. Instead, Mr. Reeves must be held to his own admissions at the time of his guilty plea during which he expressly admitted engaging in conduct in committing the Hobbs Act robbery that by any view involved the use of physical force against a person.

In summary, the Court concludes that "the Hobbs Act robbery, committed in the manner described in the Prosecution Version of the offense, was a crime of violence under either the force or residual clause of 18 U.S.C. § 924(c)(3)." *United States v. Andino-Tirado*, No. 2:16-cr-037-NT, 2018 U.S. Dist. LEXIS 199262, at \*2 (D. Me. Nov. 26, 2018).

V.  **CONCLUSION**

The Court reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record. The Court made a de novo determination of all matters adjudicated by the Magistrate Judge's Recommended Decision, and concurs with the recommendations of the Magistrate Judge for the reasons set forth in his Recommended Decision and for the reasons set forth in this Order, and the Court determines that no further proceeding is necessary.

1. It is therefore <u>ORDERED</u> that the Recommended Decision of the Magistrate Judge (ECF No. 71) is hereby <u>AFFIRMED</u>.

2. Accordingly, it is hereby <u>ORDERED</u> that Joseph Scott Reeves' amended 28 U.S.C. § 2255 Motion (ECF No. 55) be and hereby is <u>DENIED</u>.

3. It is further <u>ORDERED</u> that no certificate of appealability should issue in the event the Joseph Scott Reeves files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

SO ORDERED.

                                          <u>/s/ John A. Woodcock, Jr.</u>
                                          JOHN A. WOODCOCK, JR.
                                          UNITED STATES DISTRICT JUDGE

Dated this 16th day of January, 2019