UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOSEPH SCOTT REEVES | No. 1:05-cr-00047-JAW |

### *EX PARTE* MOTION FOR ISSUANCE OF ARREST WARRANT, FOR REVOCATION OF ORDER SETTING CONDITIONS OF RELEASE, AND FOR AN ORDER DIRECTING THE DEFENDANT'S DETENTION

NOW COMES the United States of America, by and through Craig M. Wolff, Acting United States Attorney for the District of Maine, and Joel B. Casey, Assistant United States Attorney, and respectfully moves this Honorable Court, pursuant to 18 U.S.C. §3148(b), for an order (1) issuing a warrant for the defendant's arrest, (2) revoking the order setting conditions of release for the defendant and (3) directing his detention pending final revocation hearing in this case. In support of this Motion, the Government respectfully submits the following facts based upon the accompanying declaration of U.S. Probation Officer Brandon Maillet:

1.      On April 21, 2025, the United States Probation Office in the District of Maine filed a petition for a warrant alleging the defendant violated conditions of his supervised release. On that same date, the Court issued a warrant for the defendant's arrest.   The petition was based upon a recent arrest on state criminal charges for which he was being held in state custody at the Piscataquis County Jail.

2.      On May 23, 2025, the defendant entered federal custody after making bail in his state case. On that date, he appeared before the Honorable John C. Nivison, U.S. Magistrate Judge, for an initial appearance. The defendant waived his right to a

preliminary hearing and a detention hearing and was ordered detained pending a final revocation hearing.

3. On August 13, 2025, a Motion to Amend Bail was granted. Reeves was released the same day. On August 14, 2025, Reeves was screened for the St. Mary's outpatient mental health program which is a partial hospitalization program. After evaluation the program deemed that Mr. Reeves was not suitable for their program.

4. As USPO and counsel for Reeves had arranged for him to be screened and enrolled in an inpatient program in a matter of days, Reeves was not returned to custody.

5. On August 19, 2025, Reeves was screened at St. Francis an inpatient co-occurring program, he was accepted into the program and a bed was available on September 3, 2025.

6. On August 31, 2025 – before he checked into the St. Francis Program - Reeves was arrested by Lewiston Police Department for Disorderly Conduct – Loud Unreasonable Noise, a violation of Maine Title 17-A 501-A.1.A.1, a class E crime and Criminal Trespass, a violation of Maine Title 17-A 402.1.C, a class E crime.   According to a police report that Officer Maillet reviewed, at 2:00AM in the morning Reeves was yelling and banging on the front door of a residence holding a knife.   When Lewiston Police Department Officer's arrived, they found Reeve's hiding in the bushes adjacent to the garage of the residence and found a buck style knife in the area Reeves was hiding.

7. Reeves subsequently bailed and reported to the St. Francis Program on September 3, 2025. Reeves has yet to report his new arrest to USPO.

8. The conditions of release that allowed for Reeves to go to treatment

included condition 7(s) that required him to comply with all supervised release conditions imposed in this case at the time of sentencing. Those conditions of supervised release included the condition that the not commit a new crime, that he notify USPO within 72 hours of being arrested or questioned by law enforcement and that he not possess a firearm, destructive device, or any other dangerous weapon. *See* Docket Entry No. 29 at 3.

9. Based on the foregoing the defendant has violated Condition of Release 7(s) by violating the terms of his supervise release in multiple ways while on bail.

WHEREFORE, the Government respectfully moves this Honorable Court to issue a warrant for the defendant's arrest, revoke the defendant's bail and order his detention pending further proceedings. This request is *ex parte* as notifying the defendant that a warrant has issued for his arrest may hinder his apprehension or create officer safety concerns for those members of the U.S. Probation Office or U.S. Marshal's Service who will be responsible for arresting him.

Dated at Bangor, Maine, this 3rd day of September 2025.

Respectfully submitted,

CRAIG M. WOLFF
United States Attorney

/s/ Joel B. Casey
JOEL B. CASEY
Assistant U.S. Attorney

Request for Arrest Warrant GRANTED / DENIED this ____ day of September 2025 at Bangor.

_____
JOHN C. NIVISON
U.S. MAGISTRATE JUDGE